IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 3:26cr59/TKW

ARZALEA TESHEAN MCLAUGHLIN
a/k/a "Zae"
a/k/a "Duff"
a/k/a "Duffle"
_______________________________________/

# PLEA AGREEMENT

## 1. PARTIES TO AGREEMENT

This agreement is entered into by and between Arzalea Teshean McLaughlin as the defendant, John L. Wilkins as attorney for the defendant, and the United States Attorney for the Northern District of Florida. This agreement specifically excludes and does not bind any other state or federal agency, including other United States Attorneys and the Internal Revenue Service, from asserting any civil, criminal, or administrative claim against the defendant.

## 2. TERMS

The parties agree to the following terms:

a. The defendant will plead guilty to Counts One (Conspiracy to Distribute and Possess with Intent to Distribute 500 Grams or More of Cocaine and Cocaine Base), Two (Conspiracy to Commit Unlawful Use of Communication Facility), Three



FILED IN OPEN COURT
6/25/26
CLERK, UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

(Aiding and Abetting Possession with Intent to Distribute 500 Grams or More of Cocaine), and Four (Aiding and Abetting Possession with Intent to Distribute Cocaine) of the Indictment. As to Counts One and Three, due to a prior conviction for a serious ~~violent~~ drug felony, the defendant faces on each count a minimum term of 10 years' imprisonment up to a maximum term of life imprisonment, a minimum term of 8 years of supervised release up to a lifetime term of supervised release, an $8,000,000 fine, and a $100 special monetary assessment. As to Count Two, the defendant faces a maximum of 4 years' imprisonment, 3 years of supervised release, a $250,000 fine, and a $100 special monetary assessment. As to Count Four, due to a prior conviction for a felony drug offense, the defendant faces a maximum term of 30 years' imprisonment, a minimum term of 6 years of supervised release up to a lifetime term of supervised release, a $2,000,000 fine, and a $100 special monetary assessment.

The defendant agrees to pay the special monetary assessments on or before the date of sentencing. If the defendant is unable to pay the special assessment prior to sentencing due to indigence, the defendant agrees to participate in the Inmate Financial Responsibility Program.

The maximum sentence to which the defendant is subject includes the forfeiture of all forfeitable assets.

The defendant admits to having been convicted of a serious drug felony and a felony drug offense as alleged by the government in its Information and Notice of Prior Convictions (Docs. 40 and 40-1).

In addition, the Court may enter an order denying the defendant federal benefits pursuant to 21 U.S.C. § 862(a)(1).

b. By voluntarily pleading guilty to the charges in the Indictment, the defendant, as to the counts pled herein, knowingly waives and gives up constitutional rights which attend a defendant on trial in a criminal case. These constitutional rights include: the right to plead not guilty; the right to have a jury or judge determine guilt on the evidence presented; the right to compel the government to prove guilt beyond a reasonable doubt; the right to confront and cross-examine witnesses; the right not to be compelled to incriminate oneself; the right to testify; the right to present evidence; and the right to compel the attendance of witnesses.

c. The defendant is pleading guilty because the defendant is in fact guilty of the charges alleged in Counts One through Four of the Indictment. In pleading guilty, the defendant acknowledges that were this case to go to trial, the government would present evidence to support the charges beyond a reasonable doubt.

d. Upon the District Court's adjudication of guilt of the defendant for the charged crimes, the United States Attorney, Northern District of Florida, will not file any further criminal charges against the defendant arising out of the same transactions

or occurrences to which the defendant has pled. The defendant agrees that substantial evidence exists to support the charges, as indicated in the agreed-upon statement of facts incorporated by reference into this plea agreement.

e. Nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement.

f. If the defendant is not a citizen of the United States, the defendant understands that this conviction may adversely affect the defendant's immigration status, and the defendant may be removed from the United States, denied citizenship in the United States, and denied admission to the United States in the future.

g. The parties agree that the sentence to be imposed is left solely to the discretion of the District Court, which is required to consult the United States Sentencing Guidelines and take them into account when sentencing the defendant. The parties further understand and agree that the District Court's discretion in imposing sentence is limited only by the statutory maximum sentence and any mandatory minimum sentence prescribed by statute for the offenses.

h. Both parties reserve the right to advise the District Court and other authorities of their versions of the circumstances surrounding the offenses committed by the defendant. The United States Attorney further reserves the right to correct any misstatements by the defendant or the defendant's attorney and to present evidence and make arguments pertaining to the application of the sentencing guidelines and the

considerations set forth in 18 U.S.C. § 3553(a), including sentencing recommendations, and whether departure or variance upward or downward is appropriate.

## 3. SENTENCING

a. The defendant understands that any prediction of the sentence that may be imposed is not a guarantee or binding promise. Due to the variety and complexity of issues that may arise at sentencing, the sentence may not be subject to accurate prediction.

b. The parties understand and agree that either party may offer additional evidence relevant to sentencing issues. However, the Court is not limited to consideration of the facts and events provided by the parties. Adverse rulings or a sentence greater than anticipated shall not be grounds for withdrawal of the defendant's plea.

c. The parties reserve the right to appeal any sentence imposed.

## CONCLUSION

In every case in the Northern District of Florida in which the parties enter a Plea Agreement, the Court requires the parties to enter a sealed Supplement to Plea Agreement indicating whether or not the defendant agrees to cooperate with the government. The parties agree to the Supplement to Plea Agreement entered in this case.

The defendant enters this agreement knowingly, voluntarily, and upon advice of counsel.

JOHN P. HEEKIN
United States Attorney

JOHN L. WILKINS
Attorney for Defendant

ALICIA H. FORBES
Assistant United States Attorney

6/25/26
Date

ARZALEA TESHEAN MCLAUGHLIN
Defendant

June 9, 2026
Date